Roland B. Durocher
HARTELIUS, DUROCHER & WINTER, P.C.
118 6th St. South
P.O. Box 1629
Great Falls, MT  59403-1629
(406) 727-4020
rdurocher@mtlawyers.net
Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE
STATE OF MONTANA, IN AND FOR THE COUNTY OF CASCADE

| | |
|---|---|
| Danny Guilbert, <br><br> Plaintiff, <br><br> vs. <br><br> FRED LOYA INSURANCE AGENCY, INC., LOYA INSURANCE COMPANY, & DOES 1-5, <br><br> Defendants. | Cause No. ADV-18-0196 <br><br> Judge: Gregory G. Pinski <br><br> **SUMMONS** |

**To: FRED LOYA INSURANCE AGENCY, INC.**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you, you must serve the plaintiff an answer to the attached Complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure.  Do not include the day you were served in your calculation of time. The answer or motion must be served on the plaintiff or plaintiff's attorney, if plaintiff is represented by an attorney, whose name and address are listed above.

If you fail to respond, judgement by default will be entered against you for the relief demanded in the complaint.

Summons    EXHIBIT A    Page 1 of 2

You also must file your answer or motion with the court.

Dated this 4 day of April, 2018.

CLERK OF DISTRICT COURT

BY: MMaas

ROLAND B. DUROCHER
HARTELIUS, DUROCHER & WINTER, P.C.
118 6th St. South
P.O. Box 1629
Great Falls, Montana 59403
406-727-4020
rdurocher@mtlawyers.net
Attorneys for Plaintiff

CLERK OF DISTRICT COURT
FAYE MCWILLIAMS

2018 APR -4 PM 4:14

FILED

BY_____
             DEPUTY

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| Danny Guilbert, | Cause No. ADV-18-0196 |
|---|---|
| Plaintiff, | Judge: Gregory G. Pinski |
| vs. | **COMPLAINT** |
| FRED LOYA INSURANCE AGENCY, INC., LOYA INSURANCE COMPANY, & DOES 1-5, | |
| Defendants. | |

COMES NOW THE PLAINTIFF, and for his Complaint, alleges as follows:

**I.   COUNT I, UNFAIR TRADE PRACTICES ACT VIOLATIONS:**

1. Plaintiff Danny Guilbert (Danny) was injured and sustained property damage in a car wreck caused by Armando Sanchez on February 26, 2015.

2. At the time of the wreck, Armando Sanchez was covered by a liability policy issued by Defendant Loya Insurance Company (Loya).

3. As the liability insurer, Loya was obligated to pay damages owed by Armando Sanchez, and abide by its statutory and common law duties in dealing with Danny.

4. Defendant Loya Company is an insurance company governed by the Unfair Trade Practices Act (UPTPA) found in Title 33, Chapter 18, of the Montana Code Annotated. Defendant Fred Loya Insurance Agency, Inc. (Fred Loya)

Complaint                                                                                                                Page 1

acted as adjusters, paid damages, and otherwise acted on behalf of Defendant Loya regarding Danny's claims, and is governed by the UTPA.

5. Defendants Loya and Fred Loya (hereinafter collectively "Defendants" were legally obligated to pay Danny's damages arising from the wreck because the liability of its insured was reasonably clear.

6. Despite their obligation to pay damages, Defendants failed to pay promptly damages that were reasonably clear or negotiate in good faith, requiring Plaintiff to file a lawsuit against Defendants' insured. That action was filed as Danny H. Guilbert v. Armando Sanchez & Does 1-5, Cause No. CDV-16-0382. That suit was resolved by jury verdict rendered in Danny's favor, and judgment was entered in his favor on October 5, 2017.

7. Defendants' actions violated §§33-18-201(1), 201(4), and 201(6). Danny was damaged by Defendant's violations of law.

8. Defendant's actions were willful or in disregard of a high probability of injury to Danny, and constitute actual malice.

9. Does 1-5 are persons or entities not yet identified that are or may be legally responsible for Danny's injuries and/or damages.

II. **COUNT II, COMMON LAW BAD FAITH:**

10. Plaintiff re-alleges paragraphs 1-9.

11. In addition to its obligations under statute, Defendants had a common law duty to deal fairly with Danny. Defendants breached their duty to do so, by, inter alia, not paying claims, contacting Danny in spite of knowing he was represented by counsel, causing storage charges to become extremely high (the majority of which were not able to be collected as damages against Sanchez), and forcing protracted litigation.

12. Due to Defendants breaching their obligations under common law, Danny incurred damages.

13. Defendants' actions were willful or in disregard of a high probability of injury

to Danny, and constitute actual malice.

WHEREFORE, Plaintiff prays:

1. For all special and general damages caused by Defendants' violations of statutory and common law;
2. For punitive damages;
3. For costs and fees as allowed by law; and,
4. For all other relief deemed appropriate.

DATED this 3rd day of April, 2018.

Roland B. Durocher